IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERNEST KNIGHT,

       Petitioner,

v.                                          CASE NO. 4:05-cv-00187-MP-MD

JAMES R. MCDONOUGH,

       Respondent.

_____/

**O R D E R**

       This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that Petitioner's petition for writ of habeas corpus, Doc.1, be denied.  The Magistrate Judge filed the Report and Recommendation on Tuesday, February 20, 2007.  The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

       Petitioner Knight was convicted after a jury trial of robbery with a firearm, and was sentenced to life imprisonment.  Petitioner appealed his conviction, which was affirmed, and then sought post-conviction relief.  The trial court denied Petitioner's motion filed under FLA.R.CRIM.P. 3.850, and the appellate court affirmed this denial.  Petitioner filed the instant petitioner for writ of habeas corpus in this Court, and Respondent does not claim that the petition is untimely, or that any ground raised here was not properly exhausted.

       Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas review of state court decisions under § 2254 are subject to a more deferential standard. Under 28 U.S.C. § 2254, a person in custody pursuant to the judgment of a State court is not

entitled to habeas corpus relief unless the State court proceedings meet the following criteria:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2).  The first prong ensures state compliance with Supreme Court precedent.  This standard requires Petitioner to show that the reasoning or the result of the state-court decision contradicts clearly established federal law, or is an unreasonable application of clearly established federal law, before the Court may independently consider the merits of Petitioner's claim.  Under the second prong, factual determinations made by a state court are presumed to be correct, and Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In his petition, Petitioner raises twelve grounds for relief, all alleging ineffective assistance of counsel.  These claims allege that counsel provided constitutionally ineffective assistance by failing to move to suppress certain evidence, failing to move for recusal, failing to object to lay testimony, failing to investigate juror contact with a witness, failing to call a witness, failing to strike a juror, failing to object to the use of restraints, failing to object to improper argument, general disloyalty, and the cumulative effect of all these allegations that denied Petitioner a fair trial.  The state court, applying Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), found that Petitioner failed to prove that counsel's representation was objectively unreasonable, and resulted in prejudice.  In reviewing these claims, the Magistrate found that because the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law

under 28 U.S.C. § 2254(d)(1), Petitioner is not entitled to federal habeas relief.

Petitioner has filed objections to the Magistrate's Report. Doc. 23. First, Petitioner objects to the Magistrate's finding that trial counsel was not ineffective in failing to move to suppress blood evidence and the search of Petitioner's car. Petitioner's chief argument is that the affidavit of Detective Moody, which served as the basis of the warrant, contains false allegations that were necessary to the finding of probable cause; specifically, that "[t]he suspects were seen by an off-duty Leon County Sheriff's Deputy enter a late model Nissan Maxima, silver in color," and that "[e]vidence from the jewelry store was found in the vehicle." Therefore, Petitioner argues, no probable cause existed for Petitioner's arrest, and had counsel moved to suppress the evidence, this motion would have been granted. The state court found that Petitioner failed to established ineffective assistance because the alleged falsehoods were not material. The Court agrees with the Magistrate that the challenged statements were far from deliberate falsehoods, and that even if these statements were excised from the warrant affidavit, the remaining content was sufficient to support the finding of probable cause for Petitioner's arrest. Because Petitioner cannot show that he was prejudiced by his attorney's failure to move to suppress the blood evidence by attacking the veracity of the warrant affidavit, he is not entitled to habeas relief on this ground.

Petitioner then objects to the deference given the state court's factual findings and legal conclusions regarding counsel's failure to call a witness proposed by Petitioner. The state court rejected Petitioner's ground, holding that counsel was not ineffective because the proposed witness would conflict with the defense strategy that petitioner was not present at the mall on the day of the robbery. Defense counsel filed a notice of alibi, stating that petitioner was in

Valdosta, Georgia at the time of the robbery with another witness, who would testify and corroborate the alibi.  It was perfectly reasonable for counsel not to call a witness who would contradict this alibi.  Therefore, the Court agrees with the Magistrate that Petitioner is not entitled to federal habeas relief on this ground.

Petitioner next objects to the Magistrate's recommendation regarding counsel's failure to object to the use of restraints on Petitioner during trial.  The state court found that because the restraints were placed on Petitioner outside the view of the jury, and were not visible, Petitioner was not prejudiced by any failure of counsel to object to their use.  Petitioner argues that deference is not owing to the state court decision because it fails to explain why Petitioner was restrained, and what conditions ensured that the restraints were not visible.  As the Magistrate points out, the use of restraints is a due process violation only when visible to the jury, Deck v. Missouri, 544 U.S. 622, 25 S.Ct. 2007, 161 L.Ed.2d 953 (2005), and the particular restraints used on Petitioner are designed not to be visible.  Petitioner also contends that he was prejudiced, because the only reason he elected not to testify was so that the jury would not observe him in restraints.  The Court agrees with the Magistrate that because Petitioner failed to discuss this issue with counsel, counsel cannot be deemed ineffective for not raising an objection to an issue of which he was not aware.

Finally, Petitioner objects to the Magistrate's findings regarding alleged improper argument by the prosecutor, and objects generally to all other recommendations by the Magistrate, asking for *de novo* review of these recommendations.  Petitioner argues that the trial court failed to give a curative instruction to mitigate the improper argument, and counsel was ineffective for failing to request such an instruction.  Because the state court found that the

prosecutor's closing argument was not improper, the Court agrees with the Magistrate that counsel was not ineffective for failing to object to the argument or ask for a curative instruction. After reviewing the remaining grounds for relief, the Court finds that Petitioner is not entitled to relief, and that the petition is without merit and should be denied.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated by reference in this order;

2.      Petitioner's petition for writ of habeas corpus, Doc.1, is denied, and this case is dismissed with prejudice.

**DONE AND ORDERED** this   *29th* day of March, 2007

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge